UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Dkt. No.
MONA REICH,

       Plaintiff,

   -against-                                 **COMPLAINT AND JURY DEMAND**

NYPJ LLC d/b/a DREAM APPAREL GROUP,

       Defendant.
------------------------------------------------------------------------X

      Plaintiff, MONA REICH, by her attorneys, Gabor & Gabor, as and for her Complaint and Jury Demand, respectfully alleges as follows:

      1.    At all times relevant hereto, Plaintiff, MONA REICH, was and is a resident of the State of New York, County of Queens.

      2.    At all times relevant hereto, Defendant, NYPJ LLC d/b/a DREAM APPAREL GROUP (hereinafter referred to as "NYPJ"), is a company with its executive offices located at 20 West 37th Street, New York, New York 10018.

**JURISDICTION AND VENUE**

      3.    This is a civil rights action brought in order to redress multiple deprivations by the Defendant of Plaintiff's rights secured by the Americans With Disabilities Act.  Jurisdiction is conferred on the Court by 28 U.S.C. 1331 and 28 U.S.C. 1343.  This Court has pendent and supplemental jurisdiction pursuant to 28 U.S.C. 1367 based upon plaintiff's State and City Law

1

claims.

4. Venue is based on 28 U.S.C. §1391.

**STANDING**

5. The defendant employs more than 25 persons at all times.

6. On or about February 2, 2005, the plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, (hereinafter, "EEOC"), alleging certain violations of the ADA.

7. The plaintiff received a "Right to Sue" letter from the EEOC dated July 20, 2005. This action has therefore been commenced in a timely manner.

8. A copy of this federal court complaint has been served upon The New York City Commission on Human Rights and upon Corporation Counsel.

**FACTS**

9. The plaintiff was born on April 8, 1954, and therefore is currently fifty-one (51) years of age.

10. The plaintiff was hired by NYPJ in January, 2002, as a Trim Buyer.

11. The plaintiff suffers from a medical condition called Severe Plantar Fasciitis bilaterally, which is a chronic inflammation of the feet. The medical condition has been given several diagnoses by various physicians. It has alternately been diagnosed as "Intractable Plantar Fasciitis", and "Tarsal Tunnel Syndrome".

12. This condition impairs at least one (1) of life's major functions.

13. This condition in no way prevents the plaintiff from performing her job.

14. In fact, the plaintiff performed her job in an exemplary manner.

15. As a result of the plaintiff's medical condition, she is unable to walk more than a few feet without resting, and consequently, she has used special orthotics and currently uses a cane to assist her with walking.

16. In order to get to and from work, the plaintiff qualifies for a program called Access-A-Ride paratransit service which is administered through the MTA, New York City Transit.

17. In September, 2004, the plaintiff had a conversation with her supervisor, at which time the plaintiff informed her supervisor that the Access-A-Ride service the plaintiff took to and from work was going to expire on October 31, 2004.  The plaintiff told her supervisor that she had re-applied and was awaiting a determination.

18. Shortly thereafter, on October 1, 2004, the plaintiff was terminated by NYPJ.

19. The plaintiff never received any written or verbal warnings that her job was in jeopardy, nor did she ever receive any negative reviews.

20. When the plaintiff was terminated, she was told that a "stronger person" was needed for the position.

21. Subsequent to the plaintiff's termination, she received a very positive reference letter from  NYPJ.

22. The fact that the plaintiff suffers from a disability was a motivating factor for the decision to terminate her employment.

23. The plaintiff was perceived by her employer as disabled.

24. That perception served as a motivating factor for the decision to terminate the plaintiff's employment.

25. As a result of the above, the plaintiff has been caused to suffer substantial economic and emotional damages.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

26. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "25" of the Complaint as if more fully set forth herein.

27. The plaintiff suffers from a disability as defined by the Americans With Disabilities Act. The plaintiff suffers from Severe Plantar Fasciitis bilaterally.

28. The defendant employs in excess of twenty five (25) employees.

29. The plaintiff advised the defendant of an accommodation which she had previously made use of which had no effect on her ability to perform her job functions

30. After learning of the plaintiff's disability, the defendant terminated her employment.

31. The plaintiff was also treated in a manner unlike and inferior to other people who were not suffering from the same disability inasmuch as her employment was terminated as a result of a perceived inability to perform her job functions in the future.

32. As a result thereof, the defendant has discriminated against the plaintiff based upon her disability.

33. As a result of the defendant's wrongful conduct, the plaintiff has been caused to

suffer severe economic and emotional damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

34. The plaintiff is also entitled to punitive damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION
### NEW YORK EXECUTIVE LAW § 296 - DISABILITY

35. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "34" with the same force and effect as if set forth more fully herein.

36. The plaintiff suffers from a disability as defined under New York Executive Law Sec. 296. The plaintiff suffers from Severe Plantar Fasciitis bilaterally.

37. The plaintiff advised the defendant of an accommodation which she had previously made use of which had no effect on her ability to perform her job functions

38. After learning of the plaintiff's disability, the defendant terminated her employment.

39. The plaintiff was also treated in a manner unlike and inferior to other people who were not suffering from the same disability inasmuch as her employment was terminated as a result of a perceived inability to perform her job functions in the future.

40. As a result thereof, the defendant has discriminated against the plaintiff based upon her disability.

41. As a result of the defendant's wrongful conduct, the plaintiff has been caused to suffer severe economic and emotional damages in the sum of FIVE MILLION ($5,000,000.00)

5

DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK CITY CODE § 8-107 - DISABILITY

42. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs "1" through "41" with the same force and effect as if set forth more fully herein.

43. The plaintiff was discriminated against based upon disability in violation of the Administrative Code of the City of New York §8-107.

44. This adverse employment action on the part of the defendant was motivated by plaintiff's status as a disabled person.

45. This discrimination violates the Administrative Code of the City of New York §8-107.

46. Plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## JURY DEMAND

47. Plaintiff demands a jury trial of this action.

**WHEREFORE**, plaintiff demands judgment as follows:

a) Declaring that the actions, patterns and practices of the defendant, its agents, servants and all those acting in concert with them, constituted, and does constitute, a violation of the Americans with Disabilities Act; the New York State Constitution; the New York State Executive Law Section 290 et seq., The New York City Administrative Code Section

8-107, and all applicable rules and regulations, and common law principals.

  b) Permanently enjoining the defendant, its agents, servants and all those acting in concert with them, from violating the Americans with Disabilities Act; the New York State Constitution; the New York State Executive Law Section 290 et seq.;  The New York City Administrative Code Section 8-107 and all applicable rules and regulations, and common law principals.

  c) Awarding damages for economic and emotional injuries as well as interest, costs, disbursements, common law, statutory, compensatory, exemplary and punitive damages, pre-judgment interest, pecuniary and non-pecuniary damages and such other and further relief as to this Court deems just and proper; and

  d) Awarding counsel fees, costs and disbursements of this action.

Together with such other and further equitable relief which as to this Court may seem just and  proper.


Dated: Garden City, New York
   August 29, 2005

                    Yours etc.,


                    _____
                    DAVID G. GABOR (DGG9979)
                    GABOR & GABOR
                    Attorneys for Plaintiff
                    400 Garden City Plaza
                    Suite 406
                    Garden City, New York 11530
                    (516) 248-2525